IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLIE BLUNT, #81425                                              PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 3:18-cv-641-HTW-LRA

JEFFERY A. WEILL, SR., ROBERT S. SMITH,
ZACK WALLACE, BARBARA DUNN,
AAFRAM Y. SELLERS, BRICE R. WHITE,
JIM HOOD, AND PHIL BRYANT                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Charlie Blunt, an inmate of the Mississippi Department of Corrections ("MDOC") housed at the Mississippi State Penitentiary (MSP), Parchman, Mississippi, brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. See Order [7]. The named Defendants are Jeffery A. Weill, Sr., Circuit Court Judge; Robert S. Smith, District Attorney; Zack Wallace, Hinds County Circuit Court Clerk; Barbara Dunn, Hinds County Circuit Court Clerk; Aafram Y. Sellers, Attorney-at-Law; Brice R. White, Attorney-at-Law; Jim Hood, Attorney General for the State of Mississippi; and Phil Bryant, Governor of the State of Mississippi. *See* Compl. [1] at 7. As relief, Plaintiff seeks monetary, injunctive, and declaratory relief. *Id*. at 4. The Court having liberally construed Plaintiff's Complaint [1] and in consideration of the applicable law finds that this case should be dismissed.

I.  **Background**

Plaintiff brings this § 1983 civil action asserting that he has been unlawfully sentenced as a habitual offender to life without parole, probation, or the ability to earn good time credits. Compl. [1] at 9. Plaintiff argues that he has only one prior conviction that qualifies as a crime of violence. *Id*. at 8-9. Plaintiff states that at his sentencing on April 7, 2011, he notified

Defendants Judge Weill, District Attorney Smith, Attorney White, and Attorney Sellers that his previous conviction for simple assault could not be used to sentence him as a habitual offender. *Id*. at 9. Because additional paperwork was necessary to determine if Plaintiff's previous convictions qualified Plaintiff to be sentenced as a habitual, the District Attorney requested a continuance that was granted. *Id*. At Plaintiff's sentencing on April 15, 2011, information concerning Plaintiff's previous conviction was presented to the sentencing court. *Id*. Plaintiff contends that Defendants Judge Weill and District Attorney Smith violated Plaintiff's due process rights because they ignored the evidence and sentenced Plaintiff as a habitual even though his previous conviction did not qualify for such a conviction and sentence. *Id*.

According to Plaintiff's Complaint, Defendants Sellers and White were Plaintiff's court appointment attorneys. Compl. [1] at 5, 7. Plaintiff complains that Defendants Sellers and White have failed (1) to do anything about Plaintiff being unlawfully sentenced as a habitual offender as well as (2) to "notify anyone of Defendant Jeffery A. Weill['s] [] illegal actions on April 15, 2011," at Plaintiff's sentencing. *Id*. at 12.

Plaintiff contends that he requested an opinion concerning his habitual sentence from the Mississippi Attorney General's Office. Compl. [1] at 10. The response Plaintiff received from Defendant Attorney General Hood's Office on September 20, 2012, was "they can neither admit nor deny and for the lack of information or knowledge and therefore must deny." *Id.*

Plaintiff claims that while Defendants Dunn and Wallace have filed Plaintiff's numerous motions to vacate his habitual sentence Defendants Dunn and Wallace have failed to report Plaintiff's due process deprivation committed by Defendants Judge Weill. Compl. [1] at 12.

Plaintiff asserts that Defendant Bryant, Governor of Mississippi, has failed to address Plaintiff's three separate clemency applications. Compl. [1] at 12.

## II. Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915 (e)(2)(B)(i)–(iii). Because Plaintiff is proceeding as a pauper, § 1915(e)(2) applies to this case.

The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim for monetary damages as well as a claim for declaratory and injunctive relief which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If Plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his conviction and sentence. *See Strickland v. Washington*, 466 U.S. 668 (1984) (when the attorney representing a criminal defendant fails to provide effective assistance, the criminal defendant's Sixth Amendment right has been violated). Since this § 1983 action calls into question the validity of Plaintiff's conviction and sentence and because Plaintiff does not establish that his conviction and sentence have been invalidated, the Court finds that Plaintiff cannot maintain these claims and thus, this Complaint [1] will be dismissed. *See Heck*, 512 U.S. at 486-87.

Even though Plaintiff's Complaint [1] is being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). With that in mind, the Court finds that even if Plaintiff successfully met the *Heck* requirements he would not be allowed to maintain this § 1983 Complaint against Defendants Judge Weill, Hood, and Smith.

Defendant Judge Weill has absolute immunity. *See Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("[a]bsolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" )). The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11

(1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). In *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit announced a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard*, 413 F.3d at 515. In applying the four factors, it is clear that Defendant Judge Weill is absolutely immune. The decision to sentence Plaintiff is clearly within the normal judicial function which arose out of Judge Weill's official capacity. Furthermore, there is no indication that Defendant Judge Weill's actions occurred outside the courtroom or his chambers/office. Consequently, the Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Defendant Judge Weill.

Defendants Attorney General Hood and District Attorney Robert S. Smith when acting as criminal prosecutors, "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). This immunity extends to "all actions which occur in the course of the prosecutor's role as an advocate for the State." *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (internal quotation marks and punctuation omitted). The alleged actions taken by Hood and Smith as advocates for the State of Mississippi in Plaintiff's criminal case were "intimately associated with the judicial phase of the criminal process," and therefore Hood and Smith are entitled to absolute immunity from the claims asserted in this case. *See Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011).

Additionally, even if Plaintiff met the *Heck* requirement, he could not maintain a § 1983 civil action against Defendants Aafram Y. Sellers and Brice R. White. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff states that Defendants Sellers and White were his court appointed attorneys. Compl. [1] at 15. Defendants Sellers and White are not state actors. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (deciding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that a public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Consequently, based on the allegations of the Complaint [1], Plaintiff cannot maintain a civil action filed pursuant to § 1983 against Defendants Sellers and White.

To the extent Plaintiff seeks declaratory or injunctive relief invalidating his conviction and sentence which could result in Plaintiff being released from incarceration, Plaintiff must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court finds that Plaintiff filed a petition for habeas relief in *Blunt v. Davis*, Civil Action No. 3:13-cv-575-TSL-JCG (S. D. Miss. May 31, 2018), *see* Compl. [1] at 13, and Plaintiff's appeal is now pending in the United States Court of Appeals for the Fifth Circuit, Appeal No. 18-60669. Any habeas claims Plaintiff may be asserting in this civil action are dismissed without prejudice.

## III. Conclusion

Plaintiff cannot state a 42 U.S.C. § 1983 claim which essentially challenges his conviction and sentence until the *Heck* requirements are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff does not establish that his conviction and sentence have been invalidated as required by *Heck*. Thus, those claims will be dismissed with prejudice as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous). Even if Plaintiff were to meet the *Heck* requirements, Plaintiff cannot maintain a § 1983 civil action against Defendants Judge Weill, Hood, Smith, Sellers, and White. Plaintiff's habeas claims are dismissed without prejudice.

Because this Complaint is dismissed as frivolous, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal. Accordingly, it is

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of his habeas corpus case, *Blunt v. Davis*, Appeal No. 18-60669 (5th Cir. filed Sept. 20, 2018).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 31st day of January, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Civil action no. 3:18-cv-641-HTW-LRA
Memorandum Opinion and Order